**AFFIRMED and Opinion Filed July 25, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00010-CR**

**No. 05-21-00014-CR**

**NICHOLAS DAVID CHAMBERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-80112-2018; 296-80114-2018**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Nicholas David Chambers appeals the revocation of his community supervision. The trial court revoked appellant's community supervision in both causes and sentenced him to eight years' confinement. In a single issue, Chambers argues the trial court abused its discretion in revoking his community supervision. We affirm the trial court's judgments.

In January 2018, Chambers was indicted for possession of 3,4-Methylenedioxy methamphetamine, in an amount of one gram or more but less than four grams in cause number 05-21-00010-CR and possession of methamphetamine

in an amount of one gram or more but less than four grams in cause number 05-21-00014-CR. Pursuant to a negotiated plea agreement, Chambers pled guilty to the charges, and the trial court assessed punishment in each case at ten years' confinement and placed Chambers on community supervision for five years.

In June 2019, the State filed a motion to revoke Chambers' community supervision in each case. Read together, the motions alleged Chambers (1) committed theft of property in an amount greater than or equal to $100 but less than $750 on May 8, 2019; (2) committed theft of property in an amount greater than or equal to $100 but less than $750 on March 23, 2019; (3) committed unauthorized use of a motor vehicle on April 9, 2019; (4) failed to pay a $500 fine; (5) failed to pay a $40 substance abuse evaluation fee; (6) failed to pay a $650 supervision fee; (7) failed to perform 140 community service hours at the rate of ten hours per month; (8) failed to pay $393 in court costs; (9) failed to pay a $50 crime stoppers fee; and (10) failed to report as scheduled by the supervision officer for the months of March and April 2019.

In October 2019, Chambers entered into another plea agreement in which he pled true to six of the allegations in each motion, and the trial court continued him on community supervision.

In January 2020, the State filed additional motions to revoke community supervision alleging Chambers (1) committed unlawful possession of a firearm by a felon and possession of drug paraphernalia on December 3, 2019; (2) committed

fraud in the use/possession of identifying information on August 11, 2019; and (3) committed failure to identify as a fugitive with the intent to give false information on June 21, 2019. The motion also re-alleged the commission of most of the offenses alleged in the prior motion to revoke.

On April 9, 2020, the trial court entered an order setting furlough and releasing Chambers from jail to receive drug treatment at Soul's Harbor, a facility in Dallas. On December 1, 2020, the trial court held a hearing on the State's motion to revoke. Chambers pled true to committing failure to identify as a fugitive with the intent to give false information and testified he possessed drug paraphernalia. At the conclusion of the hearing, the trial court found fourteen of the allegations in the motion to revoke true. On January 5, 2021, the trial court entered judgment revoking Chambers' community supervision and sentencing him to eight years' confinement in each case. These appeals followed.

In a single issue, Chambers argues the trial court abused its discretion in revoking his community supervision. In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Though defendants are not entitled to community supervision as a matter of right, once a defendant is assessed community supervision in lieu of other punishment, this conditional liberty should not be arbitrarily withdrawn by the court.

*Id.* On appeal from a trial court's decision to revoke, therefore, appellate courts review the record only to ensure that the trial court did not abuse its discretion. *Id.*

Here, the record shows Chambers pled guilty to the underlying offenses pursuant to a negotiated plea agreement and was sentenced to ten years' confinement in each case. Chambers was placed on community supervision. In June 2019, the State filed a motion to revoke Chambers' community supervision alleging ten separate violations of the terms and conditions of his community supervision in cause number 05-21-00010-CR and seven violations in in cause number 05-21-00014-CR. Nevertheless, the trial court continued Chambers on community supervision following Chambers' plea of true to six of the allegations in each motion.

In January 2020, the State again filed motions to revoke Chambers' community supervision alleging additional violations. At the hearing on the motion, Chambers pled true to committing failure to identify as a fugitive with the intent to give false information. Chambers also testified that he was "[k]ind of" living in a car for "several months" and he is a felon, but he "didn't know anything about a gun being in the car" that belonged to Chambers' girlfriend's husband. Chambers further testified he had a "pot pipe" in his pocket when he was in the car, but he "didn't remember that it was there."

The record here is clear that Chambers violated at least two terms and conditions of his community supervision, and the trial court therefore did not abuse its discretion in revoking Chambers' community supervision. *See id.* In reaching

this conclusion, we reject Chambers' argument that it is "in the best interests of justice" and he and the community "benefited most" by his remaining on community supervision or receiving a substantially reduced sentence. We overruled Chambers' sole issue.

We affirm the trial court's judgments.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
210010F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NICHOLAS DAVID CHAMBERS, Appellant

No. 05-21-00010-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-80112-2018.
Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 25, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVID CHAMBERS, Appellant

No. 05-21-00014-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-80114-2018.
Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 25, 2022